JAMES L. O'HARA ᴇᴛ ᴀʟ. *v.* BERTHA DOROTHEA MILLER, Exᴇᴄᴜᴛʀɪx, ᴇᴛ ᴀʟ.

*Probate of Will—Notice to Near Relations—Effect of Objection.*

One seeking to correct an error in admitting a will to probate, may either appeal to the Court of Appeals, or apply to the orphans' court, in due season, to rescind its order.    p. 116

In view of Code, art. 93, secs. 353-355, requiring the presence of, or notice to, next relations, in connection with the probate of a will, it was error to admit to probate an alleged will, in the absence of near relations of deceased or notice to them, although counsel for two of such relations were in court at the time, they being there merely to have the time fixed for distribution of the estate, and one of such counsel, to whom, as to his client, the existence of the alleged will was previously unknown, objecting to its probate at that time, he desiring a few days in which to determine what action should be taken by his client in regard thereto.                   pp. 117-119

*Decided April 22nd, 1927.*

Appeal from the Orphans' Court of Baltimore County.

Administration proceedings in connection with the estate of Bertha O'Hara, deceased. From an order admitting to probate an alleged will of said deceased, and naming Bertha Dorothea Miller as executrix, James L. O'Hara and John L. O'Hara, administrator, appeal. Reversed.

The cause was argued before BOND, C. J., PATTISON, URNER, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*George W. Cameron* and *Emil T. Mallek,* for the appellants.

*James P. Kelley* and *John C. Kump,* for the appellee.

PATTISON, J., delivered the opinion of the Court.

Bertha O'Hara, of Baltimore County, died on November 8th, 1925, and on the following tenth day of November the orphans' court of that county granted letters of administration to John L. O'Hara, the step-son of the deceased, after her husband, James L. O'Hara, had renounced his right to administer.

On the 17th day of June, 1926, Otto Paetzold, of Regensberg, Bavaria, Germany, a brother of Bertha O'Hara, deceased, upon hearing of his sister's death, filed his petition in the Orphans' Court of Baltimore County, alleging among other things that John L. O'Hara was not the proper person, because of his moral character and want of business experience, to serve as administrator of his deceased sister; and further alleging that the bond was insufficient, and charging him, as well as his father and brother, Francis E. O'Hara, who were sureties upon his bond, with wrongful conduct in its procurement. The petition asked (1) that the administrator be removed and some competent person be appointed in his place, and (2) that he be ordered and directed "to state an account and to account for and deliver up to such newly appointed administrator or administrators, all and singular the assets of said estate, which may have come into his hands, and (3) for general relief.

Answers were filed to this petition on July 1st, 1926, by John L. O'Hara, administrator, and his father, James L. O'Hara, in which the essential allegations of the petition were denied.

On the 15th day of July, 1926, there was a hearing before the Orphans' Court of Baltimore County, in which the attorneys of the respective parties were present, at which hearing it was held by the court that no further proceedings should be had upon the petition and answer until the alleged relationship of the petitioner to the deceased was shown. To establish such relationship, Elizabeth K. Scheper was produced as witness by counsel for Otto Paetzold, but as she had no direct information as to the relationship of the parties, and could speak only of what had been told her by the deceased Mrs. O'Hara, the court refused to receive her testimony, whereupon, on the petition of John L. O'Hara, the administrator, filed on that day, the court named the 14th day of October, 1926, as the date upon which the distribution of the estate should be made, and directed that notice of the same should be given by the administrator.

On October 14th, 1926, Otto Paetzold and Ernest Paetzold, brother of the half blood of Bertha O'Hara, deceased, filed what is therein said to be an answer to the previous order of the court, naming the 14th day of October, 1926, as the time of the distribution of the estate. In the answer is given the names and addresses of the brothers, sisters, nephews, and nieces of Bertha O'Hara, deceased, most of whom are residents of Germany; and on the said 14th day of October, the said Otto Paetzold and Ernest Paetzold also filed their petition asking the court to defer the time of distribution, so that communication might be had with such heirs and the necessary information, power, and authority, in respect to the distribution, be obtained from them. Their petition was granted by the court, and the 14th day of January, 1927, was fixed as the day of the distribution of the estate.

Thereafter, on the said 14th day of October, 1926, before adjournment and while the counsel for the respective parties

were still in the presence of the court, the court said: "We have offered here what purports to be the will of this deceased woman, Bertha O'Hara." A photostatic copy of which, in three separate sheets, was then produced by the court.

It is disclosed by the record that the paper writing, purporting to be the will of Bertha O'Hara, deceased, was left by her with Elizabeth K. Scheper, one of the witnesses thereto. Miss Scheper told Mr. Kump, counsel for Paetzold, of its existence, but did not exhibit it to the court until October 13, 1926, one day before it was admitted to probate, although she was produced as a witness before that court by Mr. Kump at the hearing on the 15th day of July, 1926, to establish the alleged relationship between the deceased and his client; nor did Mr. Kump reveal the existence of such paper writing, although he was at the time asking the court to remove the administrator, and the exhibition and probate of the paper writing as the will of Bertha O'Hara would have produced that result.

The existence of said paper writing was not known to Mr. Cameron, counsel for the appellants, until October 14th, 1926, when the photostatic copy of it was produced by the court. It is not shown by the record that the appellants or either of them were present in court at such time, and just when they learned of it is not disclosed, but not before the said 14th day of October, 1926. Mr. Cameron expressed great surprise upon learning of said alleged will, and asked the court not to take immediate action thereon, but to defer such action for a few days, that he might have an opportunity to examine the original paper and determine what course he should take in respect to it, but the court refused his request, saying they thought it was a good will and would admit it to probate, which they at once did. To this action of the court the counsel for the appellants entered his formal objection.

In the course of the colloquy between the court and the counsel of the parties, which followed the announcement by the court that they had in their possession the alleged will, Miss Scheper several times interposed, stating the time and

circumstances under which the paper writing was given to her, and what was said to her by Bertha O'Hara at the time she received it, when she was at last interrupted by Mr. Cameron asking the court if he would be afforded an opportunity to examine her. The granting of this privilege to him was objected to by Mr. Kump and denied by the court. The counsel of Paetzold insisted on the paper writing being admitted to probate as the will of Bertha O'Hara, deceased, without delay, although he stated that if the will were held valid the share or shares of the estate received by his client would be less than they would receive if it were not so held. The court then announced that they would appoint one Bertha Dorothea Miller, a person whose name appeared in said paper writing, as the executrix of said alleged will, and a formal order was passed on the said 14th day of October, 1926, admitting said will to probate.

Thereafter, on the 26th day of October, the court ordered John L. O'Hara, the administrator, to turn over to the appellee, Bertha Dorothea Miller, the executrix, all moneys and personal property held by him as such administrator, and ordered him to state an account, as prayed in the petition filed by Paetzold, but this order required service of it on or before the date named therein, before it should become effective, and the record discloses that no copy of the order was ever served.

Thereafter, on November 9th, 1926, James L. O'Hara filed his petition, alleging among other things, "that the said paper writing purporting to be the last will and testament of the decedent offered for probate and admitted to probate * * * shows on its face that it is not such a paper writing that can or should under the laws of the State of Maryland be admitted to probate, as the last will and testament of the decedent and is lacking in the essentials of law to constitute such an instrument"; that he "was not permitted the privilege and right to make known and present to this honorable court the extent and powers which are lawfully his under the law in connection with the probate of said paper writing, and

counsel for this petitioner was denied the right to interrogate one Elizabeth K. Scheper, the alleged custodian and the alleged witness to said paper writing; and this petitioner believes that if he be granted a full and complete hearing and the opportunity to offer testimony, this honorable court will rescind its action of October 14th, 1926, and any and all actions subsequent thereto and prior to the time of the filing of this petition." He concluded his petition by asking the court to "rescind its action of October 14th, 1926, admitting to probate the paper writing purporting to be the last will and testament of said Bertha O'Hara, deceased, and all subsequent actions" of the court "in connection with the said estate," and that the petitioner "be afforded an opportunity to set forth the reasons" why such actions of the court "were contrary to the law and that he further be allowed to adduce testimony in connection therewith."

Upon this petition an order was passed on the 9th day of November, 1926, setting the petition and affidavit down for hearing on the 17th day of November, 1926, provided a copy of the order was served on or before the 12th of November, 1926.

The record shows that no final order was ever passed thereon, but on the 12th day of November, 1926, five days before the hearing on the petition was to be had, James L. O'Hara and John L. O'Hara each filed his order for an appeal to the Court of Appeals, (1) from the order of the court passed on the 14th day of October, 1926, admitting said alleged will to probate, (2) from the order removing John L. O'Hara as administrator of the estate of Bertha O'Hara, deceased, and (3) from the order naming and appointing Bertha Dorothea Miller as the executrix of the estate of Bertha O'Hara, deceased.

If the court, in admitting the will to probate, was in error, to correct such error the appellants could either have appealed to this court from the order admitting the will to probate, or have applied to the orphans' court, in due season, to have such order rescinded. *Stanley v. Safe Deposit Co.,* 88 Md. 403.

The appellant, James L. O'Hara, filed his petition asking the court to rescind its order admitting the will to probate, but before the date set for its hearing, he, it seems, abandoned such course of procedure, and he, with John L. O'Hara, administrator, on the 12th day of November, 1926, appealed directly to this Court from the order admitting the alleged will to probate.

It is contended by the appellants that, upon the facts disclosed by the record in this case, such action of the court was in conflict with the provisions of the Code of Public General Laws of this state, in relation to the probating of wills.

Section 353 of article 93, Code 1924, provides that "if any will or codicil be exhibited for proof to the register of wills of the county wherein the same may be proved, in the recess of the court, and any of the next relations shall attend and make no objections, or enter no caveat, or if it shall appear that reasonable notice of the time of exhibiting the same hath been given to such of the next relations as might conveniently be therewith served, and no person shall object or enter a caveat, the register shall proceed to take the probate thereof."

Section 354 of said article provides that "if any such will be exhibited for probate to the orphans' court * * * and any of the next relations of the deceased shall attend or if notice shall appear to have been given, as aforesaid, and no caveat shall have been made against the same, the said court may forthwith proceed to take probate thereof."

Section 355 of the same article provides that "if any will or codicil be exhibited to the orphans' court, and none of the near relations of the deceased shall attend, and no notice shall appear to have been given, the court may either direct summons to the said near relations, or some one or more of them, to appear on some fixed day to show cause wherefore the same should not be proved, or direct such notice to be given in the public papers or otherwise, as they may think proper; and if no objection shall be made or caveat entered on or before the day fixed, the court or register of wills in

their recess, may take the probate of such will; but if objection shall be made on or before the day appointed, the said court shall have cognizance of the affair, and shall determine according to the testimony produced on both sides."

This Court, in *Emmert v. Stouffer,* 64 Md. 543, in speaking of sections 316 and 317 of article 93 of the Code of 1867, now sections 354 and 355 of article 93 of the Code of 1924, said: "It is thus seen that great pains have been taken to afford to all persons an opportunity to be heard before a determination is made against them. Two parties are contemplated as having a right to be heard; the one, which maintains the validity of the will by exhibiting it for probate; the other, which comprehends all persons interested, who may desire to defeat and set it aside. All persons interested may appear and be heard on one side or the other of the question."

This Court has held in a number of cases that where any of the near relations of the deceased are in attendance at the time the will is exhibited for probate, and no objection is made thereto, notice under the statute need not be given before admitting the will to probate. *Lederer v. Johanson,* 124 Md. 453; *Linthicum v. Linthicum,* 130 Md. 150; *Parker v. Leighton,* 131 Md. 407; *Daugherty v. Daugherty,* 131 Md. 489. But in the case before us none of the near relations of the deceased, so far as the record discloses, were in attendance when the paper writing was exhibited and admitted to probate. It is true that Mr. Cameron, counsel for James L. O'Hara in the petition filed against him and others to have John L. O'Hara removed as administrator, was there as counsel for the administrator to have definitely fixed the time at which the estate should be distributed; and that Mr. Kump, counsel for Otto and Earnest Paetzold, was also there upon the same mission. Until such time, however, the existence of the alleged will was unknown both to Mr. Cameron and his client, James L. O'Hara, and, so far as the record discloses, the brothers and sisters and nephews and nieces of Bertha O'Hara, deceased, including Otto and Earnest Paetzold, had never been told of its existence. Upon these facts and circumstances, it could not be held that James L.

O'Hara, the husband, and the brothers and sisters and
nephews and nieces of the deceased, her near relations, were
at such time in attendance, within the meaning of the statute,
because of the presence there of Messrs. Cameron and Kump,
their attorneys.   But should it be held that said near rela-
tions were there in attendance at such time, because of the
presence of said attorneys, it is shown by the record that Mr.
Cameron objected to the alleged will being then admitted to
probate, which, under the statute, prevented its lawful ad-
mission to probate at that time.   The request made by Mr.
Cameron that he be given a few days only to consider and
determine what action would be taken by his client, James
L. O'Hara, in respect to said will, was not only reasonable,
but the refusal of it was, we think, in conflict with the stat-
ute.   The request should have been granted, and those inter-
ested in sustaining the alleged will given an opportunity, if
they so desired, to offer evidence, if any they had, which
would have aided the court in determining the *factum* of the
will.

The order appealed from will therefore be reversed.

> *Order reversed and case remanded for further
> proceedings, the costs to be paid out of the
> estate.*